FILED MAILROOM
DEC 26 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## In the UNITED STATES DISTRICT COURT

## for the EASTERN DISTRICT of VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | Honorable T.S. Ellis III |
| v. | ) | |
| MUNEEB AKHTER, | ) | 1:15-CR-124-TSE-1 |
| Defendant-Appellant | ) | |

### Motion to Suspend Supervision pending Appeal pursuant Civil Rule 65(a)

Muneeb Akhter, filing *pro se*, petitions the court to suspend his supervised release (S.R.) as preliminary injunction pending appeal (19-4702) pursuant F. R. Civ. P. Rule 65(a). The Texas probation office continues to deny defendant employment or access to electronic devices (dkt. 248) and refuses any revision or re-evaluation of his conditions during pending litigation to vacate his sentence and conviction – Eighth Amendment unusual punishment.

### Background

Defendant was sentenced to 39 months, later reduced to 21 months, on October 2015 and released on November 2016, to start a 3-year S.R. term. On July 2017, his term was revoked and sentenced to 15 months with a new 3-year term. He filed habeas claim on September 2017, arguing amongst other things, his term was illegal under fourth circuit definition of 3583(h). After denial, he filed his first appeal on April 2018 (18-6447). He was released on August 2018, and matter was granted COA on October 2018. On January 2019, his term was again revoked on

technical grounds, mooting appeal due to new judgement. He filed direct appeal to the new sentence (19-4040) which was vacated and reversed for re-sentencing on July 2019. He was released on S.R. before reversal on March 2019, and interviewed for a position with Lavabit LLC. The Chief Operating Officer was interested in hiring him, but was stonewalled by Texas probation, effectively denying him employment. August 30 re-sentencing did not end this practice.

### Argument

Defendant meets requirements for injunctive relief (Winter v. NRDC, 555 U.S. 7) listed previously in dkt. 248. Denial or failure to respond in 30 days will establish grounds for Fed. Rules of App. Proc. Rule 8(a) motion in circuit court.

He also has a pending claim to withdraw his plea due to involuntary coercion and misconduct of agents (falsifying evidence / affidavits for warrants, obtaining false testimony of witness, and also denying him employment during investigation). The court has ordered the government to respond on September 19 (dkt. 265) and government elected to argue procedural grounds instead of challenging evidence in their motion to dismiss on October 10 (dkt. 270), responded to on October 15 (dkt. 273). This matter is ripe for decision.

His brother and co-conspirator have requested to join his motion for a Franks hearing (dkt. 275-276) raising additional allegations of misconduct in regards to State department incident. These allegations need further review, and as

defendant is representing himself *pro se*, is unable to support them under S.R. conditions preventing him contact with his brother.

## Conclusion

The court should not delay in granting defendant gainful employment, and should suspend his S.R. pending circuit ruling to determine if August 30 resentence violates maximum S.R. term and re-sentencing procedure under 18 U.S.C. 3583(b), and Rule 32.1(b)(2) for the third time.

Respectfully Submitted,

_____ 12/20/19
Muneeb Akhter, pro-se
2233 Everglade Court,
Carrollton, TX 75006

## CERTIFICATE OF SERVICE

I certify that on December 20, 2019, a true and correct copy of the foregoing was mailed to the government, postage pre-paid, at this address:

Colleen E. Garcia / Brianna Edgar / Carlton Davis (AUSA)
U.S. Attorney's Office (E. D. Va)
2100 Jamison Ave
Alexandria, VA 22314

Respectfully Submitted,

_____ 12/20/19
Muneeb Akhter, pro-se
2233 Everglade Court,
Carrollton, TX 75006
